## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JONI MAGEE, M.D.,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | **NO. 06-02832** |
| | : | |
| **v.** | : | |
| | : | |
| **RICHARD MOOSE,** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM AND ORDER

Stengel, J.                                                                                    May 24, 2007

 *Pro se* plaintiff Joni Magee has filed a third amended complaint against Richard

Moose, Esquire.  The complaint asserts three state law tort claims against the defendant.

After reviewing the complaint, I find that Plaintiff has not alleged facts satisfying the

statutory requirements for this Court to assume subject matter jurisdiction over the case.

Accordingly, I will dismiss the case.

## I.     BACKGROUND

 Plaintiff filed her initial complaint on June 26, 2006 against over thirty defendants.

On October 17, 2006, she filed an amended complaint in which she voluntarily dismissed

her claims against all defendants except attorney Richard Moose.  She subsequently

amended the complaint against Richard Moose two more times.  In the current, third

amended complaint, the plaintiff seeks damages for attorney malpractice, intentional

infliction of emotional distress, and interference with contract.  The plaintiff argues that

this court has jurisdiction of her case because the defendant's negligent representation of

her occurred in two federal cases in the federal courthouse in Philadelphia.[1]

## II.    DISCUSSION

Regardless of the *pro se* status of a plaintiff,[2] federal courts are courts of limited jurisdiction, and they may only decide cases as authorized by Congress or the Constitution.  It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  See also Boyer v. Snap-On Tool Corp., 913 F.2d 108, 111 (3d Cir. 1990) (noting that a party who asserts jurisdiction in federal court bears the burden of proving that jurisdiction exists).  A basic requirement of pleading is that the jurisdiction of a federal court must appear on the face of the complaint.  Schultz v. Cally, 528 F.2d 470, 474 (3d Cir. 1975).  Federal courts have the obligation to address the question of subject matter jurisdiction *sua sponte*.  Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999).

In general, federal courts may only consider cases where:  (1) a federal question is at issue; or (2) there is complete diversity of citizenship among the parties and the amount

---

[1]In her "Jurisdictional Statement," the plaintiff also asserts that many of the co-defendants are various public officials and they violated her civil rights because she is "female and/or married and/or old, is a victim of domestic violence who asserted her first amendment right of free speech not to shut up about it, and a property owner."  This statement has no relation to the facts alleged in the complaint and it appears to apply to the defendants that were dismissed from the case.

[2]I note that courts must liberally construe *pro se* complaints and "apply the applicable law, irrespective of whether [the] litigant has mentioned it by name."  Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002).  Thus, the plaintiff's complaint, "however inartfully pleaded, must be held to [a] less stringent standard[] than [a] formal pleading drafted by [a] lawyer[]. . . ."  Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citations and quotations omitted).

in controversy exceeds $75,000.  District courts have subject matter jurisdiction over federal questions pursuant to 28 U.S.C.§ 1331, in which Congress grants courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Federal courts also have subject matter jurisdiction over cases where there is complete diversity of citizenship among the parties and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," pursuant to 28 U.S.C. § 1332(a).  The requirement of complete diversity means that "jurisdiction is lacking if any plaintiff and any defendant are citizens of the same state."  <u>Menan Co. v. Atl. Mut. Ins. Co.</u>, 147 F.3d 287, 290 (3d Cir. 1998) (citing <u>Strawbridge v. Curtiss</u>, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)).

In this case, no federal question jurisdiction exists.  The claims sound in tort and arise out of state law.  The fact that defendant Moose's alleged negligent representation of the plaintiff occurred in a federal courthouse or in a federal case does not create a federal cause of action.

As for diversity jurisdiction, the complaint does not demonstrate that there is complete diversity of citizenship among the parties.  In the complaint, the plaintiff and defendant's mailing address are Pennsylvania addresses.  The complaint refers to the defendant's home office in Pennsylvania.  While residency is not the same as citizenship for purposes of determining diversity, no mention is made in the complaint of the plaintiff and the defendant being citizens of different states.  <u>See</u> <u>Juvelis by Juvelis v. Snider</u>, 68

F.3d 648, 654 (3d Cir. 1995) (noting that citizenship for diversity purposes is synonymous with domicile).  "It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court . . . ." Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n, 554 F.2d 1254, 1256 (3d Cir. 1977) (citing Thomas v. Board of Trustees, 195 U.S. 207, 211 (1904)).

In the absence of diversity jurisdiction, the plaintiff's tort claims are more properly addressed under Pennsylvania law in a state court.

## IV.    CONCLUSION

The plaintiff has not met the statutory requirements for this federal court to assume subject matter jurisdiction over her case.  I will therefore dismiss the action for want of subject matter jurisdiction.  An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JONI MAGEE, M.D.,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | **NO. 06-02832** |
| | : | |
| **v.** | : | |
| | : | |
| **RICHARD MOOSE,** | : | |
| | : | |
| **Defendant.** | : | |

_____ **ORDER**

**AND NOW**, this 24th day of May, 2007, it is hereby **ORDERED** that the above-captioned matter is **DISMISSED** for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

The Clerk of Court shall mark this case as **CLOSED** for statistical purposes.

BY THE COURT:


 /s/ Lawrence F. Stengel
_____LAWRENCE F. STENGEL, J.